## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 5:19-cr-00218-3** |
| | : | |
| **KARVARISE E. PERSON** | : | |
| | : | |

## MOTION FOR GOVERNMENT AGENTS TO RETAIN ROUGH NOTES AND INCORPORATED MEMORANDUM OF LAW

**TO THE HONOARBLE EDWARD G. SMITH , JUDGE, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA, PHILADELPHIA:**

Defendant, KARVARISE PERSON, through his attorney, Maureen Coggins, Esquire, respectfully moves the Honorable Court to issue an Order requiring all government law enforcement officers who investigated the charges in this and related cases to retain and preserve all rough notes taken as part of their investigation, notwithstanding whether the contents of the said notes were incorporated in the official records.

This motion is made so that the court can determine whether disclosure of said notes is required under Brady v. Maryland, 373 U.S. 83 (1963), or the Jencks Act, Title 18, U.S.C. §3500.

In United States v. Vella, 562 F.2d 275 (3rd Cir.1977), the Third Circuit ruled that the procedure regarding the retention of rough notes as set forth in United States v. Harrison, 524 F.2d 421 (D.C. Cir.1975) will be followed in the Third Circuit.  The following procedure must be followed regarding the retention and review of rough notes:

1. The decision whether rough interview notes taken by agents of the FBI in interviewing eyewitnesses are discoverable is for the Court, and not for the government to make.

2. The determination as to what constitutes a producible 'statement' under the Jencks Act is for the Court, not the Government or one of its agents.

Rough, handwritten notes taken by agents of the government in interviewing witnesses are potentially discoverable material required to be preserved and produced even if the notes were not discoverable under the Jencks Act, and the governments practice of destroying the notes were not discoverable under the Jencks Act, and the government's practice of destroying the notes after the preparation of the witness interview report is not justified either on the grounds that preservation of the notes would impose an intolerable  burden on the government or that all of the information was preserved in the report.  18 U.S.C.A. § 3500.

Furthermore, although the Jencks Act does not impose a duty on law enforcement to retain rough notes when their contents are incorporated in official records and they destroy their notes in good faith, once the government is put on notice, they cannot claim destruction of rough notes was done in good faith.  United States v. Maynard, 476 F.2d 1170, 1176-78 (D.C. Cir. 1972); United States v. Terrell, 474 F.2d 872, 877 (2nd Cir.1973)

According to US v. Terrell, it is defendant's position that no destruction of rough notes can be done in good faith after defendant's request for the preservation of such notes.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court enter an Order requiring the government to retain all government agent and law enforcement rough notes.

Respectfully Submitted,

**/s/ Maureen Coggins**
**MAUREEN COGGINS**
**Attorney for Defendant**

June 4, 2019

ID 67126
509 Swede Street
Norristown, PA 19404
(610) 400-3017

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of DEFENDANT KARVARISE PERSON'S MOTION AND MEMORANDUM FOR GOVERNMENT AGENTS TO RETAIN ROUGH NOTES was served this 4th day of June, 2019, via ECF, upon the following:

The Honorable Edward G. Smith
United States Courthouse, Room 4000
601 Market Street
Philadelphia, PA 19106

Sherri Stephan
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

/s/  Maureen Coggins

MAUREEN COGGINS, ESQUIRE
Attorney for Defendant