IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 19-218-3 |
| | : | |
| KARVARISE E. PERSON, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 8th day of October, 2019, the defendant, Karvarise E. Person ("Person"), having filed (1) a "Motion and Memorandum of Law for Disclosure of Exculpatory Evidence" (Doc. No. 49), (2) a "Motion to Compel Discovery" (Doc. No. 50), (3) a "Combined Motion and Memorandum for Early Production of Jenks Act Materials" (Doc. Nos. 51, 52), and (4) a "Motion for Government Agents to Retain Rough Notes and Incorporated Memorandum of Law" (Doc. No. 53); and after considering the aforementioned motions and the response in opposition to the motions filed by the government (Doc. No. 54),[1] it is hereby **ORDERED** that the motions (Doc. Nos. 49, 50, 51, 52, 53) are **DENIED WITHOUT PREJUDICE**.[2]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] The government submitted its response via e-mail, and the undersigned has transmitted it to the clerk of court for docketing.

[2] In the response to these motion, the government indicates that, *inter alia*, it (1) "has turned over and made available a large number of documents and materials, (2) "has stated that it will provide Jencks Act and impeachment materials in advance of trial, in time to be used at trial, in accordance with the practice of the United States Attorney's Office," (3) "has already voluntarily produced some Jencks materials and significant discovery that it is obligated to do so under Rule 16," (4) "understands its obligation to produce any exculpatory information and upon discovery will immediately provide to defendant," and (5) "will also continue to supply any other material that is discoverable under the law." Gov't's Resp. to Def. Karvarise Person's Mot. to Compel at 2, 3, 5.

---

To the extent that the defendant's motions are based on *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), the government acknowledges its *Brady* and *Giglio* obligations and those under Federal Rule of Criminal Procedure 16, and it indicates that it has already provided *Brady* information to the defense and will continue to do so. The government also correctly notes its obligations and the timing of those obligations pertaining to *Giglio* material and the Jenks Act, 18 U.S.C. § 3500. As the movant has not claimed that the government has failed in its discovery obligations or otherwise identified any deficiencies in the government's disclosures, and as the government has represented that it will continue to comply with its discovery obligations, the court denies these motions without prejudice to the defendant to reassert them and request a discovery hearing if the circumstances warrant it.