IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. 19-218 |
| : | |
| KARVARISE E. PERSON (3) : | |
| : | |
| YOJANG TORRES-ROSARIO (10) : | |

## ORDER

**AND NOW**, this 29th day of July, 2020, after considering (1) the following motions filed by the defendant, Karvarise E. Person ("Person"): (a) a motion for disclosure of exculpatory evidence (Doc. No. 150); (b) a motion for discovery pertaining to early production of Jencks Act materials (Doc. No. 151); (c) a motion to compel discovery (Doc. No. 153); and (d) a motion for government agents to retain rough notes and an incorporated memorandum of law (Doc. No. 155); (2) the motion for discovery pertaining to the early production of Jencks Act materials filed by the defendant, Yojang Torres-Rosario ("Torres-Rosario") (Doc. No. 143); and (3) the responses in opposition to the aforementioned motions filed by the government (Doc. Nos. 194, 195); and after a telephone conference with counsel on July 28, 2020, during which the court discussed the motions with counsel and the schedule in this matter; accordingly, it is hereby **ORDERED** as follows:

1. Person's motions (Doc. Nos. 150, 151, 153, and 155) are **DENIED WITHOUT PREJUDICE**;[1] and

---

[1] In the response to these motions, the government indicates that, *inter alia*, it (1) "acknowledges its Brady obligations. Any such material has either been turned over or as discovered will be promptly provided to the defendant in accordance with our obligations," (2) "the government is prepared to provide the Jencks Act materials to defense counsel one week prior to trial, despite no legal requirement that it do so, consistent with its Office policy," (3) "[t]he government does not dispute that the defendant is entitled to impeachment material. . . . In this matter, consistent with its Jencks disclosure, the government plans to produce impeachment material at least one week before trial," (4) "the government has instructed the pertinent law enforcement offices to preserve their notes in this matter," and (5) "the government has already produced a significant number of law enforcement reports of witness interviews." Gov't's

    2.      Torres-Rosario's motion (Doc. No. 143) is **DENIED WITHOUT PREJUDICE**.[2]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

Omnibus Resp. to Def. Karvarise Person's Mot. to Compel Discovery at 3, 5, 8, Doc. No. 195. Furthermore, during the telephone conference with counsel, counsel for the parties indicated that they would be willing to work together to resolve any remaining discovery issues and only later involve the court to the extent necessary.

    To the extent that Person's motions are based on *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), the government acknowledges its *Brady* and *Giglio* obligations and those under Federal Rule of Criminal Procedure 16, and it indicates that it has already provided *Brady* information to the defense and will continue to do so. The government also correctly notes its obligations and the timing of those obligations pertaining to *Giglio* material and the Jenks Act, 18 U.S.C. § 3500. As Person has not claimed that the government has failed in its discovery obligations or otherwise identified any deficiencies in its disclosures, and as the government has represented that it will continue to comply with its discovery obligations, the court denies these motions without prejudice to Person to reassert them and request a discovery hearing if the circumstances warrant it.

[2] In the response to Torres-Rosario's motion, the government indicates that it "is prepared to provide the Jencks Act materials to defense counsel one week prior to trial, despite no legal requirement that it do so, consistent with its Office policy." Gov't's Resp. to Def.'s Mot. for Early Release of Jencks Material at 3, Doc. No. 194. The government also correctly notes its obligations and the timing of those obligations pertaining to *Giglio* material and the Jencks Act, 18 U.S.C. § 3500. As Torres-Rosario has not claimed that the government has failed in its discovery obligations or otherwise identified any deficiencies in its disclosures thus far, and as the government has represented that it will continue to comply with its discovery obligations, as with Person's motions, the court denies the motion without prejudice to Torres-Rosario to reassert it and request a discovery hearing if Jenks material is not turned over at the proper time. Furthermore, during the telephone conference with counsel, the court was encouraged by the fact that counsel for the parties indicated that they would be willing to work together to resolve any further discovery issues.
    .